[J-57-2019] [MO: Donohue, J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 74 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 1811 EDA |
| | : | 2016 dated March 23, 2018, |
| v. | : | reconsideration denied May 30, |
| | : | 2018, Affirming the PCRA Order of |
| | : | the Bucks County Court of Common |
| MIGUEL DIAZ, | : | Pleas, Criminal Division, at No. CP- |
| | : | 09-0006973-2007 dated May 12, |
| Appellee | : | 2016. |
| | : | |
| | : | SUBMITTED:  March 26, 2019 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                          **DECIDED:  March 26, 2020**

I disagree with the majority's affirmance of the Superior Court on the basis that it "correctly concluded that [*United States v.*] *Cronic*[, 466 U.S. 648 (1984)], was applicable and that no specific showing of prejudice was required because of the absence of an interpreter on the first day of trial during critical stages of the proceeding."  Majority Op. at 2.  I disagree in the first instance because the Superior Court lacked jurisdiction to adjudicate this issue.  Indeed, the PCRA court did not grant Diaz relief on his claim that counsel was ineffective for failing to procure an interpreter for trial.  Thus, the issue was not properly part of the Commonwealth's appeal to the Superior Court.  In addition to this jurisdictional issue, I also dissent from the merits of the majority's application of *Cronic* to the circumstances in this matter.

**I.**

The PCRA court concluded Diaz was entitled to relief because "[t]he attorneys hired by [Diaz], simply failed in their duties as attorneys to provide adequate representation as mandated by both the United States Constitution and the Pennsylvania Constitution." PCRA Ct. Op. at 41. Accordingly, the PCRA court granted Diaz a new trial. However, the PCRA court did not specifically grant relief based on counsel's failure to secure an interpreter on the first day of trial. The PCRA Court did note that under *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987) (applying *Strickland*), "there is undoubtedly merit in Petitioner's contention that trial counsel was ineffective for failing to secure an interpreter[,]" and that trial counsel "provided no guidance and lacked a reasonable basis for failing to secure an interpreter[.]" PCRA Ct. Op. at 40. Nevertheless, the PCRA court stated, "we find that Petitioner is not entitled to relief on this claim alone; however, we feel a discussion on it is necessary as it underscores the incompetence of his trial counsel." PCRA Ct. Op. at 40. Further noting, "[t]he failure to secure an interpreter, . . . in and of itself does not merit a new trial in this case[.]" *Id.* Notably, any discussion of prejudice is absent from the PCRA court's analysis.

The Commonwealth appealed, raising eight issues pertaining to bases upon which the PCRA court clearly determined counsel had been ineffective. Based on the ambiguity of the trial court's explanation, the Commonwealth, out of understandable caution, included in its appeal the additional issue of counsel's failure to secure an interpreter. The Superior Court then decided the Commonwealth's appeal solely on the issue of counsel's failure to secure an interpreter, in light of which it determined further review of the remaining eight issues was unnecessary. The Superior Court effectively reviewed the Commonwealth's appeal as though Diaz was the appellant, and held Diaz was entitled to relief under *Cronic*. The majority now affirms the Superior Court's opinion. In my view, the appellate trajectory of this case has led to this Court applying *Cronic* for the first time,

notwithstanding the issue was not adverse to the Commonwealth as the appellant and was never challenged by Diaz because he prevailed in the PCRA court on independent bases.

Instead, the Superior Court should have limited its review to the Commonwealth's remaining eight issues, several of which did not invoke constitutional grounds. *See Commonwealth v. Foster*, 214 A.3d 1240, 1247 (Pa. 2019) (noting "this Court will not address questions of a constitutional dimension if the case can be resolved on a non-constitutional ground"). Diaz prevailed before the PCRA court on the bases that counsel failed to meet with Diaz until the day of trial, failed to prepare for trial, failed to investigate witnesses and evidence, and failed to adopt a viable trial strategy. PCRA Ct. Op. at 27. In no uncertain terms the PCRA court held, "counsel's representation in this case leads inexorably to the conclusion that trial counsel was constitutionally ineffective and that [Diaz] must be granted a new trial." *Id.* Given these were the PCRA court's bases for granting relief from which the Commonwealth appealed, the Superior Court should have limited its review to those claims. For these reasons, I would remand the matter to the Superior Court to review the properly preserved issues raised by the Commonwealth.[1]

II.

Because the majority affirms the Superior Court's reasoning, I also dissent from the merits of the majority's application of *Cronic* to the circumstances of this case. The majority and the Superior Court majority place a great deal of weight on what is perceived as a misrepresentation made by Attorney Walfish to the trial court at the time the defense requested an interpreter be supplied by the court. The majority notes that when Attorney

---

[1] Judge Bowes, in dissent, discussed the Superior Court majority's decision to ignore the remaining issues despite the fact that "[t]he PCRA court determined that [Diaz] established prejudice." Super. Ct. Op., (Bowes, J. dissenting) at 1-2. Judge Bowes discussed each of the issues in turn, ultimately finding a failure to prove prejudice and recommending the court reverse the grant of a new trial.

Walfish requested an interpreter, the trial court informed him that one was not available for the first day of trial. The majority recognizes "Attorney Walfish then changed the request, informing the trial court that Diaz only needed an interpreter for his own testimony[.]" Majority Op. at 4. Nevertheless, the majority indicates this was inaccurate based on Diaz' subsequent testimony at his PCRA hearing. The Superior Court first advanced this notion when it held "Attorney Walfish then mistakenly informed the trial court that [Diaz] only needed a translator when Appellee testified. The trial court judge then promised not to move forward into testimony until the next day when the court would provide a translator for Appellee." Super. Ct. Op. at 3 (citing Op. I. FF # 71-73). However, a review of the PCRA court's findings of fact is inconsistent with these statements as there is no mention of the trial court being misinformed. The referenced PCRA court findings of fact state the following:

71. On the first day of trial, defense counsel informed the trial court - Judge Heckler - that he had only met with his client that morning and his client required a Spanish interpreter. (N.T., 2/19/08, p. 3)

72. Judge Heckler expressed surprise at the last minute request, and said that in any event "this case needs to be tried and it's going to be tried right now." (N.T., 2/19/08, p. 6)

73. Defense counsel then spoke to his client, and told Judge Heckler that his client only needed the interpreter for when he testified, whereupon Judge Heckler stated that there would not be any testimony that day, and expressed reticence at delaying the proceedings further to obtain an interpreter. (N.T., 2/19/08, p. 7)

PCRA Ct. Op. at 34. Notably, the PCRA court did not make a finding that defense counsel mistakenly or inaccurately informed the trial court that Diaz had stated he only needed an interpreter for his testimony, and thus the majority does not cite to a finding of fact that

supports this notion.[2]  This fact, upon which the majority and Superior Court majority rely, is simply not in the record.  The PCRA court cites to the notes of testimony upon which it made its findings of fact which support the PCRA court's findings.  The notes of testimony of the exchange between the trial court and Attorney Walfish that led to these findings of fact reveal the following exchange:

| | |
|---|---|
| The Court: | Now, here we are after all these listings, which is an unusual number for this county, and you inform my staff this morning that your client perceives that he needs an interpreter? |
| Mr. Walfish: | This is correct, Your Honor. |
| The Court: | Have you been communicating or has your office been communicating with Mr. Diaz up 'til now? |
| Mr. Walfish: | Mr. Noonan, my partner, has been communicating with Mr. Diaz up 'til now. |
| The Court: | In English[?] |
| Mr. Walfish: | In English, Your Honor. |
| The Court: | Well, I will give you a moment or two to speak with Mr. Diaz and explain to me or have him explain why we're getting this request now, and why he's been able to evidently participate in these proceedings up 'til this point.  Was there an interpreter at the preliminary hearing? |
| [A.D.A.]: | No. |
| The Court: | I mean, I'll give you a minute to be heard on this. I can certainly understand some reticence on the part of anybody who's dealing with English as a second language, but this case needs to be |

---

[2] As the majority notes, "[w]hen reviewing PCRA decisions, we are bound by the findings of fact and credibility determinations made by the PCRA court that have record support; we review its legal decisions de novo."  Majority Op. at 2 (citing *Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019)).

tried and it's going to be tried right now, and I'm not sure that we're ready to, I don't believe any arrangements have been made for an interpreter. So I will hear you.

Mr. Walfish: Thank you, Your Honor. If I might.

* * *

(Counsel conferred with the defendant.)

* * *

Mr. Walfish: Your Honor, Mr. Diaz explains to me that the reason why he would request an interpreter is that up until this point in time he has never been required to testify himself in a court of law, and that is why he would feel more comfortable in addressing the Court and the jury with an interpreter present.

The Court: So generally speaking he has felt he's understood what's been taking place. What I'm thinking about frankly is certainly we're not going to get, at the rate we're going we['re not going to get to any testimony today. We're certainly not going to get to his. I'm sure we can have a Spanish interpreter for tomorrow, but whether we can today or not without delaying these proceedings --

Mr. Walfish: If I might, Your Honor.

* * *

(Counsel conferred with the defendant.)

* * *

Mr. Walfish: Your Honor, we would be comfortable in proceeding without an interpreter until such time as Mr. Diaz is prepared to testify, at which time we would need an interpreter.

The Court: We can do better than that. I gather this is expected to be a relatively short trial?

<table>
<tr><td>[A.D.A.]:</td><td>Yes, Your Honor.</td></tr>
<tr><td>The Court:</td><td>And I gather that, and I've experienced this before, frankly, if I were in a position of being tried in a court speaking in a language - any language is foreign to me beside English - I'd at least want somebody handy. We'll get somebody here by tomorrow, and he or she can sit with Mr. Diaz if he requires some clarification. Hopefully she won't have to do a full-bore simultaneous translation, but certainly if he requires some clarification of a point she can assist him and he or she will be available to fully translate.</td></tr>
</table>

N.T., 2/19/08, at 3-10.[3]

As Judge Bowes' noted in dissent, this Court opined on the application of *Cronic*

in *Commonwealth v. Reaves*, 923 A.3d 1119 (Pa. 2007):

> [T]he defining feature of all of these cases is that the acts or omissions of counsel were of the type that are virtually certain

---

[3] Diaz' consent to this arrangement was confirmed on cross-examination by the A.D.A. questioning Diaz through the interpreter.

Q. Mr. Diaz, obviously you have an interpreter today?

A. Yes.

Q. And at a prior court proceeding we had you didn't have a translator there either?

A. Correct.

Q. You have a translator here today because you're testifying to make sure that everything you say is conveyed to the jury, correct?

A. Correct.

N.T., 2/20/08, at 86-87.

to undermine confidence that the defendant received a fair trial or that the outcome of the proceedings is reliable, primarily because they remove any pretension that the accused had counsel's reasonable assistance during the critical time frame. In this regard, it is worth noting that the portion of the *Cronic* decision explaining the theory underlying the concept of presumptive prejudice begins by observing that effective assistance is constitutionally guaranteed not for its own sake, but because of its effect upon the accused's ability to receive a fair trial.

*Id.* at 1128. The dissent then concluded, Diaz "was neither denied counsel entirely nor denied counsel at a critical stage, and therefore that defining feature is absent." Super. Ct. Op. (Bowes, J dissenting) at 3. I am inclined to agree. The record evidence is far from supportive of the majority's conclusion that "[t]he PCRA court found that in the absence of an interpreter, Diaz could not understand anything that occurred during voir dire or opening statements or much of the potentially outcome determinative testimony of the complaining witness." Majority Op. at 26.

Finally, on May 1, 2010, the General Assembly adopted the following regulation that prospectively eliminated the possibility of a similar factual scenario repeating itself, and further obviates the need for the extension of *Cronic*.

> (a) Waiver by a party.--A party with limited English proficiency or party who is deaf or hard of hearing may waive the right to an interpreter provided the waiver is conducted in the presence of the presiding judicial officer and the party seeking to waive is represented by counsel or has knowingly waived the right to counsel. The presiding judicial officer shall ascertain from the party with limited English proficiency or party who is deaf or hard of hearing whether the waiver is knowing, voluntary and intelligent. If the judicial proceeding is conducted in a court of record, the foregoing determination shall be made on the record. The party with limited English proficiency or party who is deaf or hard of hearing must be provided with an interpreter during the waiver process. In addition, the waiver shall be in writing signed by the party with limited English proficiency or party who is deaf or hard of hearing, with a representation that the party was told of the right to an interpreter and that the party chose not to have an

interpreter at the judicial proceeding. The written waiver shall be on the form provided by the Court Administrator for this purpose and shall be made part of the record of the judicial proceeding.

204 Pa. Code § 105.

For all the reasons set forth above, I dissent.